Mr. Gary E. Eckstine Flagler County Attorney 1200 East Moody Boulevard #11 Bunnell, Florida 32110
Dear Mr. Eckstine:
On behalf of the Flagler County Board of County Commissioners, you ask substantially the following question:
May a county impose more stringent parking regulations on the right-of-way of state roads?
In sum:
While a county may enforce state traffic laws on state roads, it may not impose more stringent parking regulations on such roads.
The Florida Uniform Traffic Control Law, Chapter 316, Florida Statutes, was enacted to "make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities."[1] The purpose of the act was to eliminate the "hodgepodge of ordinances which vary as to language and penalty" resulting in an inconvenience and hazard to travelers.[2]
The provisions of Chapter 316, Florida Statutes, are "applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authorityshall enact or enforce any ordinance on a matter covered by thischapter unless expressly authorized."[3] (e.s.) Section 316.002, Florida Statutes, specifically states that it is unlawful for any local authority to pass or attempt to enforce any ordinance in conflict with the provisions of Chapter 316. This office has stated that Chapter 316 operates to prohibit any local legislation on traffic control or the enforcement thereof under the police power of a municipality, except as may be expressly authorized by the Uniform Traffic Control Law.[4]
Section 316.006, Florida Statutes, sets forth the jurisdiction to control traffic, providing in pertinent part:
"(1) STATE. — The Department of Transportation shall have all original jurisdiction over all state road throughout this state . . . .
* * *
(3)(a) COUNTIES. — Counties shall have original jurisdiction over all streets and highways located within their boundaries, exceptall state roads and those streets and highways specified in subsection (2). . . ."[5] (e.s.)
"STATE ROAD" is defined by section 316.003(50), Florida Statutes, as "[a]ny highway designated as a state-maintained road by the Department of Transportation."[6]
In setting forth the powers of local authorities, section 316.008, Florida Statutes, recognizes that local authorities may regulate, among other things, stopping, standing or parking on "streets and highways under their jurisdiction[.]"[7] State roads are not within the jurisdiction of local authorities, although local authorities are authorized to enforce state traffic laws on such roads.[8] Thus, if the Department of Transportation, which has original jurisdiction over state roads, has posted "no parking" signs on the right-of-way, local authorities should enforce such provisions.
Your inquiry is prompted by concerns regarding vehicles parked on the right-of-way of a state road. Section 316.194(3)(b), Florida Statutes, provides for the removal of a vehicle that is found unattended on a public highway:
"Officers are hereby authorized to provide for the removal of any abandoned vehicle to the nearest garage or other place of safety, cost of such removal to be a lien against [the] motor vehicle, when said abandoned vehicle is found unattended upon a bridge or causeway or in any tunnel, or on any public highway in the following instances:
1. Where such vehicle constitutes an obstruction of traffic;
2. Where such vehicle has been parked or stored on the public right-of-way for a period exceeding 48 hours, in other than designated parking areas, and is within 30 feet of the pavement edge; and
3. Where an operative vehicle has been parked or stored on the public right-of-way for a period exceeding 10 days, in other than designated parking areas, and is more than 30 feet from the pavement edge. However, the agency removing such vehicle shall be required to report same to the Department of Highway Safety and Motor Vehicles within 24 hours of such removal."[9]
As attorney for Flagler County, you have advised the board of county commissioners that it is your opinion that the county cannot prohibit or more restrictively regulate vehicle parking on a state road right-of-way. Based upon the above, I concur in that conclusion.
Accordingly, I am of the opinion that while a county may enforce state traffic laws on state roads, it may not impose additional more stringent regulations on such roads.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 316.002, Fla. Stat.
[2] See, the preamble to Ch. 71-135, Laws of Florida, creating Ch. 316, Fla. Stat.
[3] Section 316.007, Fla. Stat.
[4] See, e.g., Ops. Att'y Gen. Fla. 98-62 and 98-15 (1998).
[5] Subsection (2) of s. 316.006, Fla. Stat., gives original jurisdiction to municipalities over streets and highways, except state roads, located within their boundaries.
[6] See, s. 316.003(53)(a), Fla. Stat. defining "STREET OR HIGHWAY" to mean, among others, "[t]he entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic[.]" Cf., s. 334.03(22) and (23), Fla. Stat., respectively defining "Right-of-way" and "Road" for purposes of the Florida Transportation Code:
"(22) "Right-of-way" means land in which the state, the department, a county, or a municipality owns the fee or has an easement devoted to or required for use as a transportation facility.
(23) "Road" means a way open to travel by the public, including, but not limited to, a street, highway, or alley. The term includes associated sidewalks, the roadbed, the right-of-way. . . ."
[7] Section 316.008(1)(a), Fla. Stat.
[8] See, State v. Williams, 303 So.2d 74 (Fla. 3d DCA 1974),case dismissed, 314 So.2d 591 (Fla. 1975), concluding that the jurisdiction vested by s. 316.006, Fla. Stat., relates only to the control or regulation of traffic and does not extend to the enforcement of traffic laws; thus, while a municipality did not have the authority to regulate traffic on a state road or interstate highway located within its municipal boundaries, a municipal police officer had the right to arrest a motorist for violating the state traffic code on such a road. And see, Ops. Att'y Gen. Fla. 89-57 (1989) and 81-41 (1981).
[9] Cf., s. 337.406(1), Fla. Stat., providing that it is unlawful to make use of the right-of-way of any state transportation facility outside an incorporated municipality "in any manner that interferes with the safe and efficient movement of people and property from place to place on the transportation facility. . . . Such prohibited uses include, but are not limited to, . . . the servicing or repairing of any vehicle, except the rendering of emergency service; the storage of vehicles being serviced or repaired on abutting property or elsewhere. . . ."